IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEONARD CHILDS | § | |
|     TDCJ-CID NO. 1656160 | § | |
| v. | § | C.A. NO. C-12-231 |
| | § | |
| RICK THALER[1] | § | |

**MEMORANDUM AND RECOMMENDATION TO
SUMMARILY DISMISS THE HABEAS PETITION**

In this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Leonard Childs challenges a disciplinary proceeding. (D.E. 1). For the reasons stated herein, it is respectfully recommended that this action is summarily dismissed for failure to state a violation upon which habeas corpus relief can be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was confined in Beeville, Texas when this action was filed. (D.E. 1). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

While incarcerated at the McConnell Unit in Beeville, Texas, petitioner was charged with a disciplinary case alleging that he initiated unauthorized contact with a correctional officer.

---

[1] Petitioner named Warden Monroe as the respondent. However, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division, Rick Thaler is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

(D.E. 3, at 1). On March 8, 2012, he was found guilty of this charge and punished with the loss of 45 days of recreation restriction and 45 days of commissary restriction. (D.E. 1, at 5). He was also demoted in his line class. Id. He did not lose any good-time credit.

Petitioner alleges that there was insufficient evidence to support this finding in light of testimony by the officer who indicated that he had a broom in one hand and something else in the other. He maintains that he had magazines in his other hand as borne out by other inmates' testimony. He filed a Step 1 grievance appealing the guilty finding, but that finding was upheld on March 8, 2012. (D.E. 3, at 6-7). He then filed a Step 2 grievance, but again the guilty finding was upheld in June 2012. Id. at 8-9.

On July 16, 2012, petitioner filed this habeas petition asserting his due process and equal protection rights were violated in the disciplinary proceeding by prison officials. (D.E. 1, at 6-7). On July 30, 2012, a telephonic hearing was held regarding this petition. During that hearing, petitioner claimed that the finding of guilty in this major case prevented him from being paroled. He had a parole hearing in April 2012 and was denied parole and would not be given another chance at parole for a year. His demotion in line class affects his ability to earn good-time credit.

### III.  DISCUSSION

**A.     Summary Dismissal Is Permitted Pursuant To Habeas Corpus Rule 4.**

Rule 4 of the Rules Governing § 2254 Cases authorizes dismissal of non-meritorious claims, that is, claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous. See, e.g., Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996) (noting that despite similarities between

Rule 4 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, a habeas petition must cross some "threshold of plausibility" before requiring a custodian to answer, not merely allege facts that if proved would establish petitioner's entitlement to relief); Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (Rule 4 authorizes dismissal if petition fails to state a claim or is factually frivolous); Veneri v. Missouri, 734 F.2d 391, 393 (8th Cir. 1984) (per curiam) (dismissal pursuant to Rule 4 is appropriate for failure to exhaust claims or frivolous claims).  To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'" Rule 4, Rules Governing § 2254 Cases, advisory committee note (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent).

**B.    Petitioner's Challenge Does Not Invoke A Constitutionally Protected Right.**

Petitioner fails to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted.  (D.E. 1, at 5).  Specifically, he asserts only a loss of 45 days of commissary privileges and 45 days of recreation privileges, as well as a demotion in line class. Id.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957

(5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that many of the restraints of prison life do not violate the Constitution:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

### 1. Petitioner had no liberty interest in his commissary or recreation privileges.

Petitioner challenges his disciplinary proceeding based on the limitation of his commissary and recreation privileges. (D.E. 1, at 5). The loss of such privileges, however, is not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest"). Similarly, segregated confinement as a disciplinary sanction has not been found to implicate constitutional liberty interests. Sandin, 515 U.S. at 486.

As a result of petitioner's disciplinary conviction, he lost 45 days each of commissary and recreation privileges. The Supreme Court and Fifth Circuit have addressed these issues directly and concluded that they are not the type of liberty interests protected by the Fourteenth

Amendment.  Thus, it is respectfully recommended that petitioner's challenge to his reduction in commissary or recreation privileges does not invoke liberty interests.

    **2.      Petitioner had no liberty interest in his line class status.**

Petitioner claims that he was also punished in that his line class remains at L3.  (D.E. 1, at 5).  The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status.  Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).  Simply put, even if the Texas Department of Criminal Justice erroneously convicted petitioner because its deficient procedures would otherwise have violated Due Process, the lack of any constitutional deprivation of liberty means there is no Due Process violation.  Accordingly, it is respectfully recommended that petitioner fails to state a claim based on the change in his line class.

    **3.      Petitioner had no liberty interest in his expected parole date.**

Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program.  Madison, 104 F.3d at 768.  Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.  Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1, § 4) (now codified at Tex. Gov't Code § 498.003(a)).  An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole.  Malchi, 211 F.3d at 957 ("any delay in [petitioner's] consideration for parole cannot support a constitutional claim"); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).  Therefore, it

is respectfully recommended that, to the extent petitioner claims that his demotion in line class impacted his good-time credit earning status, which in turn, has adversely affected his parole eligibility, this claim be dismissed for failure to state a constitutional claim.  See Malchi, 211 F.3d at 959 ("the timing of [a petitioner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has specifically denied creating") (citing Bulger v. United States, 65 F.3d 48, 50 (5th Cir. 1995)).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, petitioner's petition for a writ of habeas corpus, (D.E. 1), is summarily dismissed. Additionally, petitioner is denied a certificate of appealability.

Respectfully submitted this 2nd day of August 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).